■ In the Matter of DALE S. C. KRISTEL, Appellant, v. HAROLD A. FRIEDMAN et al., Doing Business as FRIEDMAN & LADD, Respondents.— *Per Curiam.* Appellant, who had been injured in a one-car automobile accident and who had subsequently confirmed her parents' retainer of respondent attorneys to prosecute her claims arising therefrom, applied to Special Term upon an order to show cause, granted upon her petition, for an order directing, among other things, that respondents turn over to her newly retained attorney all data and papers relating to her claims, and that the Special Term fix the amount of respondents' fees as attorneys. Respondents interposed no objection to the relief sought and submitted in answer thereto a voluminous affidavit, and supporting papers, setting forth in great detail the facts and circumstances of appellant's claims and respondents' investigation and prosecution thereof, with complete specifications of the services rendered in connection therewith. The brief reply affidavit filed by appellant contains no factual contradiction of the salient elements of the proof adduced by respondents and even her conclusory and therefore ineffectual allegations have little if any relevance to the issues which she herself presented by her petition and by her own choice submitted to Special Term for determination upon the papers. Under such circumstances, the procedural objections raised here for the first time will not be considered, but they are of most doubtful validity in any event. Under the

somewhat unusual circumstances of the case, respondents' services appear to have been skillful, beneficial and of a high order in every respect; the fee awarded them was reasonable by any fair standard; and they are not to be penalized, of course, should the advantageous compromise which they negotiated be frustrated by appellant's refusal thereof, whether inspired by pique arising out of the changed relationships of the parties, by unsound advice or by other cause. We consider that the additional fee awarded for services rendered in connection with a prospective action for medical malpractice and a prospective action against the municipality should be limited, in each case, to an amount not exceeding $2,500 or 10% of any recovery, whichever amount shall be the smaller. Order modified, on the law and the facts, in accordance with this memorandum decision and, as so modified, affirmed, with costs to respondents. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.